*Court of Common Pleas, Dauphin County, February* 22*d,* 1864.

### DANIEL *v.* DANIEL.

A divorce will not be granted on facts charged in the petition and admitted in the answer; there must be corroborating proof.

BY THE COURT.—The complainant has presented her petition to this court, asking a divorce from the bonds of matrimony on the ground that her husband is impotent, incapable of procreation, or of having sexual connection with her, so as to consummate the marriage. The respondent files an answer, admitting that he never had carnal knowledge of the petitioner's body, and " is not the man for her;" and stating that he " does not deny the facts stated in the petition." On this answer we are asked to decree a divorce. It is, as we conceive, a fundamental principle of the common law that a divorce cannot be decreed by the agreement of the parties either in or out of court. The public has an interest in all such cases, both for the purpose of protecting the rights of others—often the innocent offspring—and to guard the morals

of the people. As far back as Collet's case (2 Mod. 314) the Ecclesiastical Court was prohibited by the King's Bench from making a decree on the admissions of the parties alone; and since that time it is made one of the canons, which is declared to be part of the common law. If confessions alone were sufficient, the marriage would be placed at the will of the parties. And Dr. Lushington says: "No tribunal is to be trusted with the power to determine whether such admission is true or false." Such is declared to be the policy of our courts by Gibson, C. J., in Matchin v. Matchin (6 Barr, 332). In Connecticut it was held to be insufficient even when the husband confessed to having committed adultery, and that he had the venereal disease in consequence, as it might be collusive (4 Day, 343). It is said in some of the courts that the defendant is almost bound to give a negative issue; that is, deny the charge: and the court should reject an affirmative issue. In case of default made, it is clearly settled that the court cannot make a decree; but the facts must be established by proof. We do not consider the present case an exception to the general rule; and to justify this court in making a decree, there must be corroborative evidence. Without it we must take the answer to be collusive.

Decree refused; but the petitioner is at liberty to take testimony before a commissioner to establish the facts, if she sees proper.